# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL LUCAS, | ) | 1:08-cv-01806 YNP DLB (HC) |
| | ) | |
|     Petitioner, | ) | ORDER GRANTING PETITIONER'S |
| | ) | MOTION FOR RECONSIDERATION |
|     v. | ) | [Doc. #8] |
| | ) | |
| JAMES HARTLEY, Warden, | ) | ORDER VACATING THE COURT'S |
| | ) | ORDER DISMISSING PETITION WITHOUT |
|     Respondent. | ) | PREJUDICE |
| | ) | [Doc. #5] |
| | ) | |
| | ) | ORDER REOPENING CASE |
| | ) | |
| | ) | ORDER STRIKING CLAIMS 1-4 |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    On February 2, 2009, the Court ordered that this petition be dismissed without prejudice because the claims asserted therein were of a civil rights nature and should have been brought in a 42 U.S.C. § 1983 suit instead of a petition for writ of habeas corpus. (Doc. #5).

    On February 26, 2009, Petitioner filed a motion for reconsideration asserting that only his first four claims were of a civil rights nature, while the other six claims properly sought habeas relief. (Doc. #8).

    Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The rule permits a district court to relieve a party from a final order or judgment on the grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . of an adverse party; (4) the judgement is void; (5) the judgment has been

1  satisfied . . . ; or (6) any other reason justifying relief from the operation of the judgment."
2  Fed.R.Civ.P. 60(b).  The motion for reconsideration must be made within a reasonable time, in any
3  event, "not more than one year after the judgment, order, or proceeding was entered or taken." Id.
4       Motions to reconsider are committed to the discretion of the trial court.  Combs v. Nick Garin
5  Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (*en
6  banc)*.  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court
7  to reverse its prior decision.  See e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656,
8  665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987),
9  *cert. denied*, 486 U.S. 1015 (1988).  The Ninth Circuit has held that "[c]lause 60(b)(6) is residual and
10 'must be read as being exclusive of the preceding clauses.'" LaFarge Conseils et Etudes, S.A. v. Kaiser
11 Cement, 791 F.2d 1334, 1338 (9th Cir. 1986), *quoting* Corex Corp. v. United States, 638 F.2d 119 (9th
12 Cir. 1981).  Accordingly, "the clause is reserved for 'extraordinary circumstances.'" Id.
13      Petitioner concedes that his first four claims, which are centered around the state denying him
14 the free exercise of religion, are civil rights claims.  Petitioner insists, however, that the other six claims
15 are strictly habeas in nature.  (Doc. #8 at 2).  In his motion, Petitioner offers to amend his petition to
16 delete grounds one thru four, but requests that the court re-open his case with regard to counts five thru
17 ten. (Id.)
18      After reading the petition, it is quite clear that counts one thru four and distinctly different than
19 counts five thru ten.  The first four claims are all grounded in the assertion that Petitioner is being denied
20 the ability to procreate, which he claims is mandated by his religion, thereby hindering his ability to
21 exercise his religious beliefs.  As discussed in the order to dismiss, these grounds are clearly not
22 candidates for habeas relief.  The last five claims, however, all center around Petitioner's plea
23 agreement.  Petitioner asserts that he is being held past the terms of the agreement, that he did not
24 adequately understand the agreement when he entered into it, and that, because he did not intend to enter
25 into the agreement to which he is currently being held, he was denied due process of the law.  None of
26 these last five claims mention religion in the slightest.  Petitioner was correct in his motion that only the
27 first four claims in his petition should be dismissed, accordingly, Petitioner's motion for reconsideration
28 is hereby GRANTED.

1  It is hereby ORDERED that:

2  1)  The February 2, 2009, Court order dismissing petition without prejudice (Doc. #5) is VACATED;

4  2)  Case number 1:08-cv-01806 YNP DLB (HC) is RE-OPENED; and

5  3)  Grounds One, Two, Three, and Four of Petitioner's petition for writ of habeas corpus are hereby STRICKEN.

IT IS SO ORDERED.

Dated:  **June 29, 2009**         /s/ **Dennis L. Beck**
                                  UNITED STATES MAGISTRATE JUDGE