# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LUCAS, ) | 1:08-cv-01806 OWW MJS HC |
| ) | |
| Petitioner, ) | |
| ) | FINDINGS AND RECOMMENDATION |
| v. ) | REGARDING RESPONDENT'S MOTION |
| ) | TO DISMISS |
| ) | |
| JOHN SALAZAR, Warden, ) | [Doc. #19] |
| ) | |
| Respondent. ) | |

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent, JOHN SALAZAR[1], is represented in this action by Brian G. Smiley, Esq., of the Office of the Attorney General for the State of California.

**BACKGROUND**

Petitioner is in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Los Angeles. On April12 Petitioner pled guilty to first degree murder in violation of Cal. Penal Code § 187(a). (See LD No. 1.[2]) On May 16, 1990, he was sentenced to serve a term of 25 years to life in state prison. (Id.)

---

[1] Originally, James Hartley was named Respondent in this action as he was then the Warden of Chuckawalla Valley State Prison where Petitioner is incarcerated. Respondent's motion to dismiss reveals that John Salazar has since replaced Mr. Hartley as Warden. Accordingly, John Salazar is hereby substituted as respondent in this matter pursuant to Fed. R. Civ. Proc. § 25(d)(1).

[2] "LD" refers to the documents lodged by Respondent in support of his motion to dismiss.

Since 2004 Petitioner has filed nine post-conviction collateral challenges, all petitions for writ of habeas corpus, to the state court judgment:

1. <u>Los Angeles County Superior Court</u>
   Filed: February 14, 2004[3];
   Denied: March 2, 2004;

2. <u>California Court of Appeals, Second Appellate District</u>
   Filed: March 24, 2004;
   Denied: May 27, 2004;

3. <u>California Supreme Court</u>
   Filed: June 30, 2004;
   Denied: November 2, 2005;

4. <u>Los Angeles County Superior Court</u>
   Filed: Mach 21, 2005;
   Denied: May 27, 2005;

5. <u>California Court of Appeals, Second Appellate District</u>
   Filed: June 30, 2005[4];
   Denied: July 28, 2005;

6. <u>Los Angeles County Superior Court</u>
   Filed: December 31, 2007;
   Denied: February 5, 2008;

7. <u>California Court of Appeals, Second Appellate District</u>
   Filed: March 18, 2008[5];
   Denied: April 17, 2008;

8. <u>California Supreme Court</u>
   Filed: May 22, 2008[6];

---

[3] In <u>Houston v. Lack</u>, the Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988).  The Ninth Circuit has applied the rule to assess the timeliness of federal habeas filings under the AEDPA limitations period. <u>Huizar v. Carey</u>, 273 F.3d 1220, 1222, (9th Cir. 2001), *citing* <u>Houston</u>, 487 U.S. 266, 276, 108 S.Ct. at 2385. Adopting  the" mailbox rule", the Court determines that a petition will be considered filed on the date Petitioner presumably handed it  to prison authorities for mailing. <u>See</u> <u>also</u> Rule 3(d) of the Rules Governing Section 2254 Cases. In the instant case, the Court does not have the petitions Petitioner filed with the Los Angeles County Superior Court. Application of the mailbox rule may be of benefit to him, but it does not impact the Court's ruling in this matter.

[4] Although the petition was filed on July 14, 2005, applying the mailbox rule leads the Court to deem  the petition filed on June 30, 2005, the date Petitioner signed the petition.

[5] Although the petition was filed on March 28, 2008, pursuant to the mailbox rule the Court considers the petition filed on March 18, 2008, the date Petitioner signed the petition.

[6] Although the petition was filed on May 29, 2008, pursuant to the mailbox rule the Court considers the petition filed on May 22, 2008, the date Petitioner signed the petition.

        Denied: October 28, 2008;

9.    Los Angeles County Superior Court
    Filed: June 19, 2009;
    Denied: July 1, 2009.

See LD Nos. 2-12.

On November 21, 2008,[7] Petitioner filed in this Court the instant petition for writ of habeas corpus. On September 30, 2009, Respondent filed a motion to dismiss the petition on the ground that it had been filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d). Petitioner filed an opposition to Respondent's motion to dismiss on October 23, 2009. On December 9, 2009, Respondent filed a reply to Petitioner's opposition.

## DISCUSSION

A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or for being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a failure to file within the one-year limitations period of 28 U.S.C. § 2244(d)(1). Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state

---

[7] Although the petition was filed on November 25, 2008, under the mailbox rule the Court will consider the petition filed on November 21, 2008, the date Petitioner signed the petition.

procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.  Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on November 21, 2008, and therefore is subject to the provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final.  In this case, Petitioner did not appeal his May 16, 1990 sentence.  Accordingly, his conviction became final 60 days after sentencing, i.e., on July 15, 1990. Cal. Rules of Court 8.308(a); Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006). Because Petitioner's conviction

became final prior to the enactment of AEDPA, his one-year period for filing a habeas petition in federal court began on AEDPA's effective date of April 24, 1996. Ford v. Pliler, 590 F.3d 782, 784 (9th Cir. 2009); see Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001).

Petitioner would have one year from April 24, 1996, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. Petitioner delayed filing the instant petition until November 21, 2008, more than eleven years after expiration of the statute of limitations period. Absent grounds for commencing the statute of limitations later or for tolling it, the instant petition is barred by the statute of limitations.

C. Later Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(D)

28 U.S.C. § 2244(d)(1)(D) states that the limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The objective standard in determining when time begins to run under Section 2244(d)(1)(D) is "when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." Hasan v. Galaza, 254 F.3d 1150 (9th Cir.2001), (quoting, Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000)). In his opposition, Petitioner states that he "did not know his plea agreement was not what he thought it was, until he was not released on the day he agreed he would be released, October 8, 2003." (Court Doc. 21, p. 2.)

The federal courts have duty to construe pro se pleadings liberally. Hamilton v. United States, 67 F.3d 761, 764 (9th Cir.1995) (citing Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quotation omitted)). Accordingly, this Court shall consider if the limitation period should run from October 8, 2003, the date Petitioner alleges the factual predicate for action was presented or could have been discovered.

Petitioner argues that statements of the trial judge regarding the acceptance of his guilty plea gave him reason to believe he would be released on that date. In this regard, the record reflects that the trial judge made several statements in an attempt to explain to Petitioner that his plea could leave him eligible for parole and possible release from prison. (LD No. 1, pp. 3-4, 9, 11, and 16 (stating, "Now, what happens if you go away for 25 years to life is that after – I don't know – 12, 13 years; I'm not sure exactly what the time – exact time is, somewhere after 12, maybe up to 15, years, you

start having parole hearings." Id. at 3. "You are looking at the possibility of getting out when you are still like 35, 36, maybe 37 years old." Id. at 4. "So we're talking about your looking to the possibility of getting out when you are 35, 36 years old." Id. at 9. And, "...with the custody credits you have, it's likely that you would be considered for parole in about 14 years and seven months... about 15 years." Id. at 16.)) "And at the parole hearings... and they would decide whether you should get out before the 25 years or whether – I mean if you are a real bad member in the prison, you could stay there for a lot longer than the 25 years." (LD No. 1, p. 3.)

These comments could give Petitioner reason to believe that he would be subject to parole hearings, but no specific date was given as to when the hearings might occur. Certainly nothing was said to cause Petitioner reasonably to believe he would actually be released on a given date. The trial court explained that even though eligible for parole, Petitioner would not necessarily be entitled to release.

Petitioner knew the terms of his sentence at the time of sentencing. The trial court described the parole process to Petitioner sufficiently to make it unreasonable for Petitioner to conclude that he would be released on parole on October 8, 2003, or any other date certain. Petitioner knew his release date would be dependent upon the results of parole hearings.

For these reasons, Petitioner is not entitled to a later commencement of the limitations period under 28 U.S.C. § 2244(d)(1)(D). Petitioner knew or should have been aware prior to October 8, 2003, that he was not entitled to release on that date.

D.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year

statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

### 1.  Tolling Based on AEDPA's effective date of April 24, 1996

As stated, the statute of limitations began to run on April 24, 1996, the date upon which AEDPA was enacted. Petitioner did not file his first state habeas petition until February 14, 2004. He did not file for relief in the state courts during the one year period of limitations. Accordingly, the statute of limitations expired on April 25, 1997, and Petitioner's subsequent state filings did not act to resurrect and then toll the expired limitations period. Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000) (Petitioner is not entitled to tolling where the limitations period has already run); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.").

### 2.  Tolling Based on Alleged Discovery of Factual Predicate on October 8, 2003

Even if it were assumed, solely for the sake of discussion, that the Petitioner could not reasonably have discovered the factual predicate for his claim until October 8, 2003, and hence that the one year statute of limitations did not begin to run until October 8, 2003, the federal petition would remain untimely.

Petitioner filed his first state habeas petition on February 14, 2004, in the Los Angeles County Superior Court. At that point, using the October 8, 2003 date, 129 days of the limitations period had elapsed. Assuming the state petition was properly filed, the statute of limitations would have been tolled during the time it was pending. The petition was denied on March 2, 2004. Petitioner next filed a state habeas petition in the California Court of Appeal, Second Appellate District on March 24, 2004. It was denied on May 27, 2004. Petitioner then filed a state habeas petition in the California Supreme Court on June 30, 2004. It was denied on November 2, 2005.

Accordingly, under this scenario, the statue of limitations would have been tolled during the period between February 14, 2004 and November 2, 2005.[8]

As 129 days had expired prior to Petitioner filing his first round of state habeas petitions, 236 days of the limitations period remained as of November 2, 2005, and so the extended period would have expired on June 26, 2006. Petitioner's sixth petition was filed on December 31, 2007, over a year after the expiration of the statute of limitations period including all potential tolling.

Because the limitations period had already expired, subsequent collateral challenges had no tolling consequence. Green, 223 F.3d at 1003; Jiminez, 276 F.3d at 482; Ferguson, 321 F.3d at 820. Accordingly, the instant federal petition remains untimely.

E.  Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993). Here, Petitioner delayed more than eleven years in filing the instant petition.  He does not allege any extraordinary circumstance stood in the way of his filing or otherwise pursuing relief. The  Court finds no reason to equitably toll the limitations period.

///

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED with prejudice due to Petitioner's failure

---

[8] Petitioner's fourth and fifth petitions were filed March 21, 2005 and June 30, 2005 respectively, and the fifth petition was denied on July 28, 2005. As the forth and fifth petitions were filed and resolved before the third petition was denied on November 2, 2005, the statute of limitations was already tolled during that period.

to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 25, 2010**                             /s/ Michael J. Seng
                                              UNITED STATES MAGISTRATE JUDGE